# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | 02: 07-cv-0432 |
| | ) | |
| JOHN C. KAVANAUGH | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

April 29, 2009

Presently before the Court for disposition are the following:

- PARTIAL MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Plaintiff United States (*Document Nos. 24 and 26*, respectively) and the brief in opposition filed by Defendant John C. Kavanaugh (*Document No. 30)*; and

- MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, MOTION TO DISMISS filed by the Defendant, John C. Kavanaugh (*Document No. 29)* and the brief in opposition filed by the United States (*Document 32)*.

For the reasons that follow, the Motion for Partial Summary Judgment filed by the United States will be granted, and the Motion for Sanctions or, in the alternative, Motion to Dismiss filed by Defendant will be denied.

## BACKGROUND[1]

On April 2, 2007, the United States, on behalf of the Internal Revenue Service ("IRS"), commenced an action against Defendant John C. Kavanaugh ("Kavanaugh")[2] to collect unpaid federal employment taxes, statutory interest, and penalties. The assessments were made against Kavanaugh individually based upon his relationship with the following four companies involved in home nursing care: Alliance Home Health Care, Inc. ("Alliance"); Westwood Home Health Care, Inc. ("Westwood"); Dominion Health Care, Inc. ("Dominion"); and Community Nursing Network ("Community") (hereinafter collectively referred to as "The Companies).

Each of the Companies withheld income and employment taxes from the wages of their employees and each failed to pay that money to the United States, as follows:

• Alliance failed to pay the income and employment taxes withheld from its employees for the periods ending 9/30/93 - 6/30/94 and 9/30/97 - 3/31/98;

• Westwood failed to pay the income and employment taxes withheld from its employees for the periods ending 9/30/93 - 6/30/94 and 9/30/97 - 3/31/98;

• Dominion failed to pay the income and employment taxes withheld from its employees for the periods ending 9/30/93 - 12/31/93 and 6/30/94 - 3/31/98; and

---

[1] These facts are taken from the Concise Statement of Undisputed Facts filed by the United States (Document No. 25), which contains numbered paragraphs and citations to the record in accordance with Local Rule 56.1(B)(1). Kavanaugh filed his own Counterstatement of Facts, but did not respond to each numbered paragraph of the submission filed by the United States, as required by Local Rule 56.1(C)(1). Moreover, Kavanaugh does not appear to contest the facts as stated by the United States; rather, he points to his own version of events. Pursuant to the Local Rules, the recitation of facts submitted by the United States should be deemed admitted. W.D.Pa. Local Rule 56.1(E).

[2] The Complaint also named JoAnn C. Yuill as a defendant. However, by Order of Court dated November 5, 2007, all claims against Ms. Yuill were transferred to the United States District Court for the Northern District of West Virginia. *See* Document No. 13.

• Community failed to pay the income and employment taxes withheld from its employees for the periods ending 9/30/93 - 6/30/94 and 3/31/97 - 3/31/98.

The Companies twice sought relief under Chapter 11 of the Bankruptcy Code: on April 5, 1994, and again on May 19, 1998.

On June 24, 1996, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $87,215.16, based on his failure to collect, truthfully account for, and pay over taxes that Alliance was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/93 - 6/30/94. Pl's Stmt of Undisputed Facts, at ¶ 19.

On June 17, 1996, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $133,686.29, based on his failure to collect, truthfully account for, and pay over taxes that Westwood was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/93 - 6/30/94. *Id.* at ¶ 20.

On July 1, 1996, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $37,357.43, based on his failure to collect, truthfully account for, and pay over taxes that Dominion was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/93 - 6/30/94. *Id*. at ¶ 21.

On July 8, 1996, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $58,968.78, based on his failure to collect, truthfully account for, and pay over taxes that Community was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/93 - 6/30/94. *Id*. at ¶ 22.

Interest and "other statutory additions" have accrued on the above assessments, resulting in an alleged balance of $633,178.92, as of December 3, 2007. *Id.* at ¶ 23.

In 1998, the IRS assessed additional tax liabilities against Kavanaugh as follows:

On December 14, 1998, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $328,382.08, based on his failure to collect, truthfully account for, and pay over taxes that Alliance was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/97 - 3/31/98. *Id*. at ¶ 24.

On November 23, 1998, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $100,253.32, based on his failure to collect, truthfully account for, and pay over taxes that Westwood was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/97 - 3/31/98. *Id*. at ¶ 25.

On December 12, 1998, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $76,012.95, based on his failure to collect, truthfully account for, and pay over taxes that Dominion was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/97 - 3/31/98. *Id*. at ¶ 26.

On June 23, 1999, the IRS assessed against Kavanaugh a trust fund recovery penalty in the amount of $249,952.81, based on his failure to collect, truthfully account for, and pay over taxes that Community was required by law to withhold from the wages it paid its employees during the taxable periods ending 9/30/97 - 3/31/98. *Id*. at ¶ 27.

Interest and other statutory additions have accrued since the dates of the 1998 assessments, resulting in a balance due of $1,366,631.28, as of December 3, 2007. *Id*. at ¶ 28.

A payment received by the United States pursuant to a settlement with a third party has been credited toward the assessments, which has reduced the amount of the judgment sought by the United States against Kavanaugh. *See* Affidavit of Anne Blaess, at ¶¶ 6, 7.

The United States alleges that Kavanaugh is a "responsible party" with regard to payment of the aforementioned taxes and seeks summary judgment solely on that point. Kavanaugh argues that the IRS did not validate the accuracy of the information the IRS had furnished with regard to the tax liability of the Companies and, therefore, the burden of proof and production remains with the United States. Additionally, Kavanaugh asserts that the refusal of the IRS to respond to his discovery requests hinders his ability to respond to any claims of liability by the IRS and, therefore, the IRS should be punished with sanctions or dismissal.

**STANDARD OF REVIEW**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and. . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.,* 25 F.3d 194, 197 (3d Cir. 1994). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See Continental Ins. Co. v. Bodie*, 682 F.2d 436 438 (3d Cir. 1982). Once the moving party has

satisfied its burden, the nonmoving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. *See Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990).

## LEGAL ANALYSIS

A. *Motion for Partial Summary Judgment filed by the United States*

1. <u>Responsible Person</u>

Employers must withhold federal social security and income taxes from the wages of their employees. 26 U.S.C. §§ 3102, 3401. The taxes withheld constitute a special fund held "in trust" for the benefit of the United States. 26 U.S.C. § 7501(a). The Internal Revenue Code, 26 U.S.C. § 6672, creates a powerful mechanism for the IRS to ensure proper withholding of employment taxes by imposing personal liability on "responsible persons":

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . . .

26 U.S.C. § 6672(a).

Accordingly, there are two prerequisites which must be met before liability can be imposed under section 6672; (i) the individual must be a "responsible person," and (ii) his or her failure to pay the tax must be "willful." *Greenburg v. United States*, 46 F.3d 239, 242 (3d Cir. 1994). If an individual's conduct fails to meet either prerequisite, the IRS may not assess a

section 6672 penalty against the individual. In cases challenging an assessment under section 6672, there is a presumption that the IRS assessment is correct and the burden of proof and production rests with the taxpayer. *Psaty v. United States,* 442 F.2d 1154, 1159-60 (3d Cir. 1971).

The IRS has moved for partial summary judgment solely on the issue of whether Kavanaugh was a "responsible person," when he failed to pay over the Companies' federal employment tax obligations for the relevant tax periods.

For purposes of section 6672, a "person" is defined as "an officer or employee of a corporation . . . under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b). "Anyone falling within this definition is generally referred to as a 'responsible person.' Stated another way, a responsible person, for purposes of section 6672(a) is one who is 'required to collect, truthfully account for or pay over any tax due to the United States." *Greenberg*, 46 F.3d at 242-243 (*quoting United States v. Carrigan*, 31 F.3d 130, 133 (3d Cir. 1994)).

" 'Responsibility is a matter of status, duty, or authority, not knowledge.' While a responsible person must have 'significant control over the corporation's finances, exclusive control is not necessary.' " *Greenberg,* 46 F.3d at 242 (*quoting Brounstein v. United States,* 979 F.2d 952, 954 (3d Cir. 1992)).

In order to determine whether an individual is a "responsible person" under section 6672, courts may consider the following factors:

> (1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of

7

> individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs.

*Brounstein,* 979 F.2d at 954- 955. It is not required that an individual have the final word on which creditors should be paid in order to be subject to liability under section 6672; a person may be treated as "responsible" for purposes of the statute if he or she has significant control over the disbursement of corporate funds. *United States v. Vespe*, 868 F.2d 1328, 1332 (3d Cir. 1989). Thus, the standard that must be met to demonstrate a "responsible person" under section 6672 is not onerous.

The United States asserts that Kavanaugh possessed check signing authority for each of the Companies during all relevant quarters; that he could sign Federal tax returns; that he was an officer, director, shareholder and president of the Companies; that he had the authority to hire and discharge employees; and that his position as president involved him in the financial affairs of the Companies, as well as financial books and records. *See* Memo. of Law in Support of Mot. for Partial for Summ J., at 9. Significantly, Kavanaugh acknowledges that he was a both a principal officer and a majority shareholder in the Companies. *See* Def's Memo. of Law in Response to Mot. for Summ J. at ¶ 15. However, Kavanaugh argues that the tax assessments are not "accurate or entitled to any presumption of validity," *id.*, and that the IRS has failed to mitigate its claims by pursuing the Medicare claims. Def's Counterstatement of Facts, at 10.

Kavanaugh further argues that he cannot be a "responsible party" because once the bankruptcy proceedings of the Companies were converted from Chapter 11 to Chapter 7, his roles as president, director, and shareholder for the Companies, along with his check signing and loan securing powers, were terminated. The Court finds this argument to be without merit.

The initial trust fund recovery penalties assessed against Kavanaugh were imposed in June 1996, based on Kavanaugh's failure to collect, truthfully account for and pay over taxes that the Companies were required by law to withhold from the wages the Companies paid to their employees during the tax periods ending 9/30/93 - 6/30/94.

Each of the Companies first filed for Chapter 11 bankruptcy on April 5, 1994. Thereafter, the Bankruptcy Court confirmed Plans of Reorganization for the Companies. However, on May 19, 1998, the Companies filed for bankruptcy protection a second time under Chapter 11.

The conversion of each of the Companies' Chapter 11 bankruptcies to Chapter 7 bankruptcies took place on October 26, 1999. *See* Stmt of Undisputed Facts, at ¶¶ 3, 6, 9, and 12. The final relevant taxable period in which the IRS alleges that it is owed taxes by the Companies ended on March 31, 1998, well before the conversion of the bankruptcy proceedings occurred, and well before Kavanaugh's roles as president, director, and shareholder for the Companies, along with his check signing and loan securing powers, allegedly were terminated.

Even construing the record in this case in the light most favorable to the non-moving party, the Court finds and rules that a reasonable factfinder must conclude that Kavanaugh was a "responsible person." Kavanaugh exercised "significant control" over the disbursement of the funds of the Companies, as evidenced by his ability to hire and fire employees, full authority to sign checks and federal tax returns, status as president, director, and shareholder of the Companies. Accordingly, the Court finds and rules that Kavanaugh is a "responsible person" under 26 U.S.C. § 6672(a).

### 2. Rebuttable Presumption

As stated *supra,* there is a presumption that the IRS assessment is correct and the burden of proof and production rests with the taxpayer. *Psaty v. United States,* 442 F.2d 1154, 1159-60 (3d Cir. 1971). Kavanaugh, however, argues that the IRS assessments at issue in this case are not presumptively correct, that the presumption recognized by the Third Circuit must be based on evidence "connecting the taxpayer with tax generating activity," and that the IRS must further substantiate its claims with proper discovery. The Court can reject Kavanaugh's arguments rather summarily.

An assessment is a determination by the IRS that a taxpayer owes the federal government a certain amount of unpaid taxes. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *Id.* Once a tax is assessed, a rebuttable presumption arises. *Psaty*, 442 F.3d at 1159. Assessments are presumed to be valid and establish a prima facie case of liability against the taxpayer. *United States v. Green,* 201 F.3d 251, 253 (3d Cir. 2000); *see also U.S. Jamas Day Care Ctr. Corp.*, 152 Fed. Appx. 171, 173 (3d Cir. 2005) (citing *Green*). The party opposing the assessment has the burden of proving the assessment to be wrong. *Welch v. Helvering*, 290 U.S. 111, 115 (1933) (also noting the Commissioner's determination "has the support of a presumption of correctness").

When the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct. *Anastasato v. IRS*, 794 F.2d 884, 886 (3d Cir. 1986). This presumption is a procedural device that places the burden of producing evidence to rebut the presumption on the taxpayer. *Id.* According to the United States Supreme Court, "it is well established in the tax law that an

assessment is entitled to a legal presumption of correctness -- a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002).

The United States has submitted the declaration of Anne E. Blaess, a Trial Attorney with the Tax Division, United States Department of Justice, who has primary responsibility for this litigation. Accompanying her declaration are certified copies of the trust fund recovery penalty assessments against Kavanaugh, and copies of the transcripts of Kavanaugh's accounts. These records are self-authenticating and require no extrinsic evidentiary support as a predicate to admissibility. *See* Federal Rule of Evidence 902. Accordingly, the Court finds and rules that the United States has met its burden of demonstrating *prima facie* entitlement to summary judgment in its favor and the burden squarely now rests with Kavanaugh to show that he is not liable.

To discharge his burden, Kavanaugh must do more than offer uncorroborated denials of liability. *See Anastasato v. Commissioner*, 794 F.2d 884, 888 (3d Cir. 1986). However, Kavanaugh has failed to submit any evidence that could conceivably create any genuine issue of material fact as to the validity of the tax assessments. Rather, Kavanaugh argues that the presumption "must be based upon foundational evidence connecting the taxpayer with the tax-generating activity." *Anastasato*, 794 F.2d at 888. Kavanaugh fails to recognize, however, that the connection can be based upon an inference which can be drawn from the facts of the case. *Gerardo v. Commissioner*, 522 F.2d 549, 553 (3d Cir. 1977).

The summary judgment record undeniably establishes that Kavanaugh was connected to the tax generating activity of the businesses which he once controlled. The summary judgment record which allows the Court to find that Kavanaugh is a responsible person also supports a reasonable inference that Kavanaugh was substantially connected to the tax

generating activities of the business operations that he once controlled. Therefore, the presumption of correctness arises regarding the assessments of the IRS, and Kavanaugh bears the burden to prove the assessments to be wrong.[3]

For all these reasons, the motion for partial summary will be granted.

B.  *Motion for Sanctions or, in the Alternative, Motion to Dismiss filed by Kavanaugh*

Kavanaugh's motion is based on three premises:

(i)     that the United States has failed to produce a relevant "IRS report" that contradicts the allegations in the complaint; see Mot. for Sanctions at ¶ 12;

(ii)    that the United States has failed to produce records about the bankruptcy proceedings of the Companies; see Mot. for Sanctions at ¶ 14; and

(iii)   that the United States has failed to prove it could not collect the unpaid taxes at issue in this litigation elsewhere; see Mot. for Sanctions at ¶ 15.

Kavanaugh seeks to prohibit the United States from submitting evidence, to strike the Complaint and dismiss the entire action, and award attorneys fees and costs against the United States. The motion cites Federal Rule of Civil Procedure 37(c)(1) as its basis, and seeks additional sanctions referenced in Federal Rule of Civil Procedure 37(b)(2)(A).

For the following reasons, the motion for sanctions or, in the alternative, motion to dismiss will be denied. First, the Court finds and rules that the record evidence does not support

---

[3]   Because the United States is seeking summary judgment only on the issue of whether Kavanaugh is a "responsible party," the actual determination of the validity of the tax assessments is premature. In order for Kavanaugh to be found liable for the tax assessments at issue, his failure in not paying the taxes must be found to be "willful," an issue that is not before the Court at this time.

12

a finding that the United States has not disclosed "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

Next, to the extent Kavanaugh is arguing that discovery responses were not complete, the United States has represented to the Court that it provided Forms 4340, Certificates of Assessments and Payments, to Kavanaugh and has engaged in lengthy conversations with counsel for Kavanaugh to explain the information contained on those Forms.

As to the requested information which pertains to the bankruptcy cases, the United States represents that it is not in possession of such information, other than what has already been produced, and counsel for the United States has previously explained this to counsel for Kavanaugh.

Lastly, as to Kavanaugh's argument that the United States has failed to prove that it could not collect the taxes at issue elsewhere, the Court notes, as the United States correctly points out, that the United States is simply not required to attempt collection of trust fund taxes from other sources before assessing a penalty on a person responsible for withholding and paying over the tax. *Datlof v. United States*, 370 F.2d 655, 656 (3d Cir. 1966), *cert. denied*, 387 U.S. 906 (1967).

For all these reasons, the Court will deny the Motion for Sanctions or, in the Alternative, Motion to Dismiss.

## CONCLUSION

As discussed *supra,* the Court finds that Defendant Kavanaugh is a responsible party for the taxes owed by the Companies and, therefore, the Motion for Partial Summary Judgment filed by the United States will be granted.

13

Furthermore, the Court finds that there is no evidence that the United States has failed to provide information as required under Federal Rule of Civil Procedure 26, and therefore, the Motion for Sanctions or, in the Alternative, Motion to Dismiss filed by Kavanaugh will be denied.

An appropriate Order follows

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | 02: 07-cv-0432 |
| | ) | |
| JOHN C. KAVANAUGH | ) | |

## ORDER OF COURT

**AND NOW**, this 29th day of April, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment filed by Plaintiff United States is **GRANTED**, and the Motion for Sanctions or in the Alternative, Motion to Dismiss filed by Defendant John C. Kavanaugh is hereby **DENIED**.

It is further **ORDERED** as follows:

(i) The Plaintiff, United States, shall file its Pretrial Narrative Statement on or before **May 29, 2009**; and

(ii) The Defendant, John C. Kavanaugh, shall file his Pretrial Narrative Statement on or before **June 18, 2009.**

The Court shall schedule a pretrial conference following receipt of the pretrial narrative statements. Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation. **Trial counsel must attend.**

BY THE COURT:

/s Terrence F. McVerry
United States District Court Judge

cc:   Anne E. Blaess,
      U.S. Department of Justice Tax Division
      Email: Anne.E.Blaess@usdoj.gov

      Paul D. Kovac,
      Assistant U.S. Attorney
      Email: paul.kovac@usdoj.gov

      Robert Szwajkos, Esquire
      Curtin & Heefner, LLP
      Email: rsz@curtinheefner.com